# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:10-CR-57-TLS |
| | ) | |
| STEPHEN E. SCHAADT | ) | |

## OPINION AND ORDER

The Defendant, Stephen E. Schaadt, pled guilty to bank fraud, in violation of 18 U.S.C. § 1344. An officer with the United States Probation Office prepared a Presentence Investigation Report (PSR) prior to the Defendant's sentencing. According to the PSR, under the United States Sentencing Guidelines, the Defendant's total offense level is 14, and his criminal history category is I, resulting in a guideline calculation of 15–21 months of imprisonment. Because the instant offense is a Class B felony, the Defendant is ineligible for a sentence of probation. *See* 18 U.S.C. § 3561(a)(1).

On May 11, 2015, the Defendant filed a Sentencing Memorandum [ECF No. 90], requesting a downward variance of three levels, which would result in a total offense level of 11 and a guideline range of 8–14 months of imprisonment. On May 18, 2015, the Government filed a response [ECF No. 91], in which the Government did not object to the Defendant's request. For the reasons stated in this Opinion and Order, the Court will grant the Defendant's request for a downward variance.

## ANALYSIS

When sentencing a defendant, the district court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the

statutory sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 555 U.S. 350, 351 (2009); *see United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010) (citing *Nelson*, and setting forth the two-step process that a sentencing court must engage in to determine a defendant's sentence). When calculating the guideline range, "[a] district court may rely on facts asserted in the PSR if the PSR is based on sufficiently reliable information." *United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008). "The defendant bears the burden of proving that the PSR is inaccurate or unreliable," and if he offers no evidence to question the PSR's accuracy, the Court may rely on it. *Id*.

Here, neither party contests the guideline calculations pursuant to the PSR. The Guidelines assign 7 levels as the base offense level for the Defendant's offense. U.S.S.G. § 2B1.1(a)(1). The probation officer added 10 levels because the loss is more than $120,000, § 2B1.1(b)(1)(F), resulting in an adjusted offense level of 17. The adjusted offense level was lowered by 3 levels for acceptance of responsibility and for assisting authorities in the investigation or prosecution of the Defendant's own misconduct, § 3E1.1(a–b), resulting in a total offense level of 14. Combining this offense level with the Defendant's criminal history category of I results in a guideline range of 15–21 months of imprisonment.

### A.      § 3553(a) Factors

In his Sentencing Memorandum, the Defendant requests, pursuant to § 3553(a): (1) a one-level variance due to his age; (2) a one-level variance because he currently serves as a primary caretaker for his elderly mother; and (3) a one-level variance because of his compliance with the terms of pre-trial release.

In imposing a sentence, § 3553(a) requires a court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, and impose a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of sentencing: adequately capturing the seriousness of the offense, providing just punishment, promoting respect for the law, affording adequate deterrence, protecting the public, and rehabilitating the defendant. In making this determination, a district court may not presume that the Guidelines sentence is the correct one. *Nelson*, 555 U.S. at 352; *Rita v. United States*, 551 U.S. 338, 351 (2007). Ultimately, a district court must make an independent determination, taking into account the types of sentences available, the other relevant § 3553(a) factors, and the arguments of the parties. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007).

Upon consideration of the above § 3553(a) factors—and in particular, the history and characteristics of the Defendant—the Court finds that the Defendant's request for a three-level downward variance is well-taken. As the Defendant notes in his Sentencing Brief, he is 60 years-old and suffers from several health ailments, including asthma, high blood pressure, and high cholesterol, to which he has been prescribed medication. The PSR indicates that the Defendant also performs critical family responsibilities. In addition to serving as a primary caretaker for his 81-year-old mother—who suffers from dementia and Parkinson's disease—the Defendant is also a caretaker for his brother-in-law and mother-in-law, who suffer from heart disease and congestive heart failure, respectively. And notably, the Defendant has successfully complied with the terms of pre-trial release for nearly five years.

In light of the characteristics of the Defendant, coupled with the Defendant's lack of a criminal history prior to the instant, non-violent offense, the Court finds that a guideline range of

8–14 months of imprisonment is sufficient, but not greater than necessary, to satisfy the purposes of sentencing. This determination is based on the evidence in the record thus far. The Court has not yet heard from the Defendant, and he may wish to make a statement on his own behalf in mitigation of punishment. Indeed, he is entitled to make such a statement. *See* Fed. R. Crim. P. 32(i)(4)(A)(ii). Therefore, the Court reserves a determination of the appropriate term of imprisonment until after the Defendant has had an opportunity to address the Court.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's request for a three-level variance, but WITHHOLDS determining the sentence to impose until the time of the sentencing hearing and after providing the Defendant an opportunity to address the Court. The sentencing hearing scheduled for June 8, 2015, at 11:00 AM, is CONFIRMED.

SO ORDERED on June 1, 2015.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT